IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* Kevin N. Colquitt, *et al.*, | §§§§§ | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:06-CV-1769-M |
| ABBOTT LABORATORIES, *et al.*, | § § § | |
| Defendants. | § § § § | |

### DEFENDANTS ABBOTT LABORATORIES' AND ABBOTT VASCULAR SOLUTIONS, INC.'S MOTION TO DISMISS RELATOR'S THIRD AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b), Defendants Abbott Laboratories and Abbott Vascular Solutions, Inc. (collectively, "Abbott") respectfully request that this Court dismiss the Third Amended Complaint with prejudice for lack of subject matter jurisdiction, failure to state a cognizable claim upon which relief may be granted and for failure to plead fraud with particularity under Rule 9(b).  Abbott relies upon the Memorandum of Points and Authorities in Support of Abbott's Motion to Dismiss, the Declaration of Michele L. Buenafe and the exhibits attached thereto.

As more fully explained in the accompanying Memorandum, the Court lacks subject matter jurisdiction over this action under the public disclosure bar of the False Claims Act, 31 U.S.C. § 3730(e)(4), because Relator's Third Amended Complaint is based upon widespread public disclosures and Relator is not an original source with direct and independent knowledge of the allegations in his Third Amended Complaint.  Moreover, Relator's allegations that Defendants perpetrated a fraud on the FDA through allegedly false statements in Section 510(k)

premarket clearance notifications cannot form the basis of a False Claims Act claim, both because Congress expressly precluded private enforcement of the federal provisions governing medical device approval and promotion, and because Relator's fraud-on-the FDA theory is preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).  Relator has also failed to state a cognizable claim for relief because he is incorrect as a matter of law that Medicare does not provide coverage for physician use of biliary stents in off-label procedures.  Furthermore, despite having filed four different iterations of his Complaint over a four-year period, Relator has still failed to meet the heightened pleading standard under Rule 9(b).  Finally, the Court should dismiss Relator's state law claims, or decline to exercise jurisdiction over those claims, on the same or similar grounds.

WHEREFORE, for all the reasons set forth in the accompanying Memorandum, Abbott respectfully requests that this Court dismiss the Third Amended Complaint with prejudice in its entirety.

### REQUEST FOR ORAL ARGUMENT

Abbott respectfully requests oral argument on this Motion to Dismiss.

Dated:  July 16, 2010　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By:　s/ Michael E. McCue
　　　　　　　　　　　　　　　　　　　　Michael E. McCue
　　　　　　　　　　　　　　　　　　　　Bar No. 13494150
　　　　　　　　　　　　　　　　　　　　MEADOWS, COLLIER, REED, COUSINS,
　　　　　　　　　　　　　　　　　　　　CROUCH & UNGERMAN, L.L.P.
　　　　　　　　　　　　　　　　　　　　901 Main Street, Suite 3700
　　　　　　　　　　　　　　　　　　　　Dallas, Texas  75202
　　　　　　　　　　　　　　　　　　　　Telephone:  (214) 744-3700
　　　　　　　　　　　　　　　　　　　　Facsimile:  (214) 747-3732
　　　　　　　　　　　　　　　　　　　　Email:  mmccue@meadowscollier.com

By: s/ Geoffrey E. Hobart
Geoffrey E. Hobart (*pro hac vice*)
DC Bar No. 494445
Jonathan L. Marcus (*pro hac vice*)
DC Bar No. 451172
Kathryn C. Arnold (*pro hac vice*)
DC Bar No. 483173
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: ghobart@cov.com
Email: jmarcus@cov.com
Email: karnold@cov.com

*Counsel for Abbott Laboratories and Abbott Vascular Solutions, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served upon counsel of record via the ECF System this 16th day of July, 2010.

                By:    /s/ Michael E. McCue
                          Michael McCue