**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. Kevin N. Colquitt, et al., | § § § § § | |
| Plaintiffs, | | |
| v. | § § § § § § | Civil Action No. 3:06-cv-1769-M |
| ABBOTT LABORATORIES, et al., | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order sets forth the grounds for the Court's decision denying Relator's Objection to Defendants' designation of Linda Dickes as their corporate representative for trial. Ms. Dickes is the former Director of Reimbursement for Guidant. Relator objected that Defendants' designation of Ms. Dickes was improper and unfairly allowed Defendants to avoid her exclusion from trial under Rule 615 of the Federal Rules of Evidence.

Rule 615 provides, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. The purpose of this rule is to "aid in detecting testimony that is tailored to that of other witnesses and is less than candid." *United States v. Wylie*, 919 F.2d 969, 976 (5th Cir. 1990). Notwithstanding this purpose, the rule does not authorize excluding, among others, "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(c).

Relator argued that Defendants could not designate Ms. Dickes as a corporate representative to avoid her exclusion under Rule 615 because she is not currently employed by

1

Defendants. In fact, Ms. Dickes has not been employed by Defendants for more than ten years. Relator further argued that Ms. Dickes is an important fact witness whose credibility is a central fact question for the jury, and that it would be grossly unfair to allow her to be present for Relator's case before Defendants call her to testify.

The Fifth Circuit has not adopted Relator's narrow construction of Rule 615. *See U.S. v. Hickman*, 151 F.3d 446, 453 (5th Cir. 1998), *vacated on other grounds*, 165 F.3d 1020 (5th Cir. 1999) (noting that the Fifth Circuit has not embraced a strict approach to Rule 615). And while the Fourth Circuit has ruled that former employees do not fall within the corporate representative exception to Rule 615, the Sixth, Ninth, and Tenth Circuits have permitted former employees to serve as corporate representatives at trial under Rule 615. *Compare Kozlowski v. Hampton Sch. Bd.*, 77 F. App'x 133, 152-53 (4th Cir. 2003) (holding former employees to be outside the scope of the Rule 615(c) exception) *with U.S. ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1296 (10th Cir. 2010) (holding former employees may be designated as a party's corporate representative for purposes of Rule 615); *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 784–85 (6th Cir. 2003) (same); *Loiseau v. Dep't of Human Res. of State of Or.*, 113 F.3d 1241 (9th Cir. 1997) (same). The Court finds that the weight of authority holds in favor of permitting a party to designate a former employee as its corporate representative for purposes of Rule 615.

Further, the Court finds that allowing Ms. Dickes to serve as Defendants' representative at trial is not unduly prejudicial to Relator. Ms. Dickes is a former employee of Guidant, an entity whose conduct is at issue in this case. She worked at Guidant during the time of the challenged actions. In fact, during her tenure at Guidant, she was one of only two employees responsible for addressing Medicare reimbursement and coding matters—two of the critical

issues in this case.  There is no unfair surprise to Relator, because Ms. Dickes acted as Defendants' corporate representative on several Rule 30(b)(6) topics in this litigation.  Even Relator has referred to Ms. Dickes as one of Defendants' corporate representatives.

Relator's Objection is OVERRULED.  Ms. Dickes will not be excluded under Federal Rule of Evidence 615.

**SO ORDERED**.

March 23, 2016.

                                          **BARBARA M. G. LYNN**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **NORTHERN DISTRICT OF TEXAS**